Lynn **KLOTZ** and Terri Klotz,
Defendants–Appellants,

v.

Owen **HORN** and Florence Horn,
Plaintiffs–Appellees.

No. 20A03–8806–CV–164.

Court of Appeals of Indiana,
Third District.

April 20, 1989.

Publication Ordered April 20, 1989.

Ralph R. Huff, Jones, Huff & Palmer, Plymouth, for defendants-appellants.

Stephen R. Snyder, Beckman, Lawson, Sandler, Snyder & Federoff, Syracuse, for plaintiffs-appellees.

HOFFMAN, Judge.

Appellants Lynn and Terri Klotz appeal a summary judgment entered against them. The facts indicate that Lynn and Terri Klotz purchased real estate by a warranty deed which stated:

"[E]easement is hereby granted to the grantee herein and her successors in interests for the purpose of access to Eagle Lake."

Lynn and Terri Klotz erected a pier at the end of the easement. Owen and Florence Horn, who owned the real estate abutting Eagle Lake, filed a complaint for permanent injunction.

Lynn and Terri Klotz argue that the trial court erred in the following:

"[The] Court ... finds for the Plaintiffs [Horns] and against the Defendants [Klotzes]; the Court finding that as a matter of law no riparian rights vest in the Defendants and they have no right to place a pier or boat at the end of the access easement. Plaintiffs are granted a permanent injunction against the Defendants prohibiting the placement of a pier or parking the boat at the end of said easement."

Lynn and Terri Klotz contend that they purchased the real estate with the intent of maintaining a pier and boat at the end of the easement and the easement has little use or value without the ability to maintain a pier. Fishing, swimming and boating from the easement is extremely limited without a pier.

The trial court followed *Brown et al. v. Heidersbach et al.* (1977), 172 Ind.App. 434, 360 N.E.2d 614 in its ruling. In that case, the Court ruled that a deed granting an access easement to a lake did not convey riparian rights. The access easement did not create the right to maintain a pier when riparian rights were not expressly granted in the deed.

The present case differs from *Maxwell v. Hahn* (1987), Ind.App., 508 N.E.2d 555, where lot holders had the right to erect piers on common ground abutting a lake. The lot holders held a tenancy in common in the lake side property. The ownership interest entitled the lot holders to riparian rights.

Lynn and Terri Klotz had no ownership interest in the property abutting Eagle Lake. Riparian rights were not expressly granted to them in the warranty deed. The trial court correctly ruled that Lynn and Terri Klotz had no right to maintain a pier at the end of the access easement.

Affirmed.

STATON and MILLER, JJ., concur.