**Sylvia LYNN; Norman Lynn; Harrison Ridge & Affiliated Companies; and Chicago Title and Trust Company, as Trustee of Trust Number 2644, Appellants (Defendants Below),**

v.

**Robert HART, Jr., and Hallie Hart, Appellees (Plaintiffs Below);**

and

**Richard E. Tinich, Appellee (Defendant Below).**

No. 64A03–9007–CV–271.

Court of Appeals of Indiana, Third District.

Feb. 4, 1991.

Albert C. Hand, Lynn Hammond, Hand, Muenich, Wilk & Reid, Highland, for appellants.

Saul I. Ruman, Thomas A. Clements, David M. Hamacher, Ruman, Clements & Tobin, P.C., Hammond, for appellees Robert and Hallie Hart.

John E. Hughes, Hoeppner, Wagner & Evans, Valparaiso, for appellee Richard E. Tinich.

HOFFMAN, Presiding Judge.

Appellant Norman Lynn appeals a summary judgment in favor of Richard E. Tinich. The facts indicate that on January 14, 1987, Robert Hart, Jr., slipped and injured himself on the parking lot of Harrison Ridge Square in Munster. On February 1, 1988, Hart filed suit against Lynn, the property manager of Harrison Ridge Square. On December 7, 1988, Hart added Tinich as a defendant in the lawsuit. Lynn contracted with Tinich to plow the Harrison Ridge Square parking lot when snow had accumulated to a depth of 2–2½ inches. The trial court granted summary judgment in favor of Tinich and this appeal ensued.

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. When reviewing a grant of summary judgment, this Court applies the same standards as the trial court and considers the pleadings, depositions and other discovery materials in a light most favorable to the non-moving party. *Sutton v. Sanders* (1990), Ind.App., 556 N.E.2d 1362, 1364–1365.

Lynn contends that the trial court erred in granting summary judgment. Tinich acted as a independent snowplowing contractor with his duties specified in a contract with Lynn. As a general rule, an independent contractor is not liable for injuries to third persons after the work has been accepted by the owner. Exceptions to the general rule exist when the work was left in a condition that was dangerously defective, inherently dangerous or imminently dangerous such that it created a risk of imminent personal injury. *National*

*Steel Erection v. Hinkle* (1989), Ind.App., 541 N.E.2d 288, 292.

■ Lynn argues there was a genuine issue of material fact as to whether he accepted Tinich's work. The undisputed facts indicate that Tinich plowed the Harrison Ridge Square parking lot on January 10, 1987 after a snow storm. Tinich came back to finish plowing the lot on January 13, 1987. According to Lynn's deposition, on the day of Hart's fall, January 14, 1987, Lynn rode across the Harrison Ridge Square parking lot on his bicycle and had no problems. Lynn did not call Tinich and ask him to come back and plow again. Lynn had no criticism or complaint about Tinich's January 13, 1987 plowing job. No issue of material fact was presented showing that Lynn failed to accept Tinich's work.

Lynn maintains that Tinich left the parking lot in a condition that created a risk of imminent personal injury. On January 13, 1987, Tinich plowed the parking lot according to his duties specified in the contract with Lynn. On January 14, 1987, Lynn rode his bicycle across the parking lot with no problem. Tinich described the condition of the parking lot as slushy because of rising temperatures. No issue of material fact was presented showing that Tinich left the parking lot in a condition that created a risk of imminent personal injury.

■ Lynn contends he was indemnified against his own negligence. While provisions for indemnification against one's own negligence do not violate public policy, in order to provide such indemnification rights the contract language must express that intent in clear and unequivocal language. *Dohm & Nelke v. Wilson Foods Corp.* (1988) Ind.App., 531 N.E.2d 512, 514.

The contract between Lynn and Tinich contained the following language:

> "Richard E. Tinich and his agents ... agree to HOLD HARMLESS Harrison Ridge Square, ... Norman M. Lynn ... for any losses whatever occasioned by the Independent Snowplowing Contractor's performance or services."

The contract provision does not indemnify Lynn against his own negligence in clear and unequivocal terms. The trial court did not err in granting summary judgment in favor of Tinich.

Affirmed.

GARRARD and ROBERTSON, JJ., concur.