**Owen HORN and Florence Horn, Appellants–Plaintiffs,**

v.

**Lynn KLOTZ and Terry Klotz, Appellees–Defendants.**

No. 20A03–9205–CV–151.

Court of Appeals of Indiana, Third District.

Nov. 23, 1992.

Stephen R. Snyder, Donald K. Broad, Beckman, Lawson, Sandler, Snyder & Federoff, Syracuse, for appellants-plaintiffs.

Ralph R. Huff, Jones, Huff & Palmer, Plymouth, for appellees-defendants.

HOFFMAN, Judge.

This is the second time the Horns and the Klotzes have appeared before this Court. The first time, we affirmed the trial court's grant of summary judgment in favor of the Horns;[1] however, our Supreme Court granted transfer and reversed in *Klotz v. Horn* (1990), Ind., 558 N.E.2d 1096. Justice Pivarnik summarized the facts of the case as follows:[2]

"The undisputed facts show that prior to June 23, 1975, appellees Owen Horn and Florence Horn owned a single tract of real estate in Kosciusko County that ran from the shore of Eagle Lake to Robinson Road. On June 23, 1975, the Horns conveyed to one Nedra J. Sainer the rear portion of said real estate which bordered on Robinson Road. In the written conveyance, the Horns reserved to themselves an easement for access to Robinson Road and granted to Sainer a six-foot wide easement appurtenant 'for the purpose of access to Eagle Lake.' Nearly ten years later, on June 19, 1985, Sainer conveyed her tract and easement to appellants Lynn Klotz and Terri Klotz. Thereafter, the Klotzes erected a pier at the lake end of their easement. The Horns demanded that the Klotzes remove the pier. The Klotzes refused, and the Horns filed a complaint for a permanent injunction, seeking to enjoin the Klotzes from placing a pier or any similar structure on the Horns' servient estate. Thereafter, the Horns filed a motion for summary judgment, seeking further to enjoin the Klotzes from parking a boat at the end of the access easement. The trial court granted the Horns' motion, finding:

'as a matter of law no riparian rights vest in the Defendants and they have no right to place a pier or boat at the end of the access easement. Plaintiffs are granted a permanent injunction against the Defendants prohibiting the

---

1. *See Klotz v. Horn* (1989), Ind.App., 537 N.E.2d 509.

2. This Court would note that the Statement of the Facts in the Brief of Appellants has nothing to do with the case at bar.

placement of a pier or parking the boat at the end of said easement.'

The Court of Appeals affirmed, holding as a matter of law that the Klotzes had no right to maintain a pier at the end of their access easement because no riparian rights were expressly granted to them in the warranty deed."

*Id.* at 1097. The Supreme Court found that the issue was whether the Klotzes were entitled to *use* the riparian rights of the Horns, and it remanded to the trial court to hear evidence as to the intent of the parties who created the easement. On November 19, 1990, the Horns filed a second motion for summary judgment which the trial court denied after a hearing. The court held a bench trial on the matter on January 8, 1992, and entered its order denying the injunction on January 20, 1992. This appeal ensued.

▮ The Horns claim the trial court erred in denying their second motion for summary judgment. In reviewing a motion for summary judgment, this Court stands in the shoes of the trial court. This Court may grant summary judgment only when the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). We must liberally construe all designated evidentiary matter in favor of the non-moving party and resolve any doubt against the moving party. Even if it appears that the non-moving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences. *Koenig v. Bedell* (1992), Ind.App., 601 N.E.2d 453, 455.

In reversing the trial court's original entry of summary judgment, the Supreme Court found the phrase "access to Eagle Lake" ambiguous as to whether it included the Klotzes' use of the riparian rights of the Horns. *Klotz* at 1098. The Supreme Court remanded to the trial court to "hear evidence to determine the intent of the parties who created the easement and then balance the interests of the present title-holders of the dominant and servient es-

tates." *Id.* at 1100. According to the affidavits the Horns filed in support of their second motion for summary judgment, they, their daughter Nedra, and Brooks Pinnick, the attorney who drafted the deed, were the only parties involved in the creation of the easement. Florence Horn, Nedra, and Pinnick attested that the intent was to provide a walkway to the lake so that Nedra and her family could swim and fish. They also attested that the intent was not to allow Nedra and her family to place a pier or dock a boat at the end of the easement.

In response to the Horns' second motion for summary judgment, the Klotzes filed the depositions of Florence, Nedra, and Pinnick and the affidavit of Dale Tucker, a neighbor of the Horns and Nedra. Pinnick's deposition testimony did not vary from the statements in his affidavit; however, the deposition testimony of Florence and Nedra varied substantially from their affidavit statements. Florence testified that Nedra's husband requested the easement, and Nedra testified that she knew nothing about the easement until after execution of the deed. Nedra also testified that her husband always had a boat and that he docked it on her parents' pier which was either near or at the end of the easement. Tucker attested that, during the years he lived at the lake, he saw Nedra's husband put in and maintain a pier for his boat.

▮ The conflicts between the depositions and affidavits of Florence and Nedra clearly created a question of material fact as to the intent of the parties who created the easement. The trial court, therefore, did not err in denying the Horns' second motion for summary judgment.

▮ In the alternative, the Horns argue that, even if the trial court did not err in denying their motion for summary judgment, the evidence was insufficient to sustain the court's judgment. As both parties note, the Horns are appealing from a negative judgment. Therefore, to be successful, they must establish that the judgment is contrary to law. *Matter of Estate of Borom* (1990), Ind.App., 562 N.E.2d 772,

773. This Court will set aside a judgment as contrary to law only if the evidence is without conflict and leads to a conclusion opposite that reached by the trial court. *Id.* at 773–774. A claim of insufficient evidence presents no issue on review of a negative judgment. *Id.* at 774.

■ In its order denying the Horns' request for an injunction, the trial court discussed the conflicts in the affidavits, depositions, and trial testimony of Florence and Nedra. The court also considered the testimony of the Klotzes that, due to the mucky and weedy conditions of the lake at the end of the easement, they could not swim or fish without a dock or pier enabling them to reach deeper water. The court further noted that the Klotzes merely wanted to use the easement as it had been used in the past and that a pier or dock "would not significantly interfere with the Horns' use of the property."

As previously mentioned, the Supreme Court remanded to the trial court to "hear evidence to determine the intent of the parties who created the easement and then balance the interests of the present titleholders of the dominant and servient estates." *Klotz* at 1100. The court clearly balanced the interests of the Klotzes and Horns, and as the evidence regarding intent was not without conflict, the court's judgment was not contrary to law. The judgment of the trial court is affirmed.

Affirmed.

STATON, and CHEZEM, JJ., concur.