**Marty and Debbie WATSON, Appellants–Plaintiffs,**

**v.**

**Norma ZIEGERT, Appellee–Defendant.**

**No. 50A04–9301–CV–17.**

Court of Appeals of Indiana, Fourth District.

July 8, 1993.

Charles A. Sweeney, Jr., Jeffrey J. Stesiak, Sweeney & Pfeifer, South Bend, for appellants-plaintiffs.

R. Kent Rowe, R. Kent Rowe, III, Rowe, Foley & Associates, South Bend, for appellee-defendant.

CONOVER, Judge.

Plaintiffs–Appellants Marty Watson (Watson) and Debbie Watson appeal the grant of summary judgment in favor of Defendant–Appellee Norma Ziegert.

We affirm.

Watson raises the following restated issue for our review:

whether the trial court erroneously found a genuine issue of material fact did not exist.

On February 21, 1991, Watson went to Ziegert's home, at her invitation, to dismantle a forty foot high television tower. Although not in the business of dismantling television towers, Watson had dismantled fifteen to twenty such structures in the past. Before climbing the tower, Watson shook it and observed that it "didn't move

hardly." (R. 99). However, he did notice the tower was old and had surface rust on it. He also noticed a piece of steel attached to the bottom of the tower and a rope running from the tower to the chimney of Ziegert's house, which he assumed were in place to brace the tower. After making these observations, Watson climbed on the roof of the house and shook the tower again. The tower moved "a little," which Watson felt was normal. (R. 101). As a precaution, Watson attached a rope to the tower and had his assistant tie the rope to a tree.

Watson proceeded to climb further up the tower, hook up his safety belt, and remove the four foot section on top. While removing the top section, he felt the tower sway in a manner he considered to be normal for such a tall structure. As Watson was attempting to remove the next section of the antenna, the tower began to lean. Immediately thereafter, Watson and the television antenna tower fell onto a neighbor's roof. As a result of the fall, Watson sustained serious physical injuries.

Prior to the date of the accident, Ziegert's son had informed her that he felt the tower was dangerous because it was old and rusted. Ziegert claims she passed this information along to Watson; he claims she made no mention of the condition.

Watson filed a complaint alleging Ziegert negligently and carelessly maintained her property in a manner which failed to protect Watson from injury. He requested compensation for his losses due to physical and psychic injuries and costs. His wife alleged loss of consortium. Ziegert initially filed her answers to the complaint, and later filed a motion for summary judgment. Watson filed a motion requesting the trial court to publish the deposition of Ziegert, as well as his own deposition. The trial court granted the motion for publication. The court later granted Ziegert's summary judgment motion on the basis there were no material facts at issue and Ziegert was entitled to judgment as a matter of law.

■ Watson contends the trial court erred in ruling there were no material facts at issue. He points to a conflict in the evidence over whether Ziegert informed him of the tower's age and rusty condition. He notes Ziegert's summary judgment motion was based on *Douglass v. Irvin* (1988), Ind.App., 531 N.E.2d 1214 (*Douglass I*), a case holding a property owner owes no duty to an invitee who has superior knowledge of the danger presented by a condition on the property owner's premises. He also points out *Douglass I* was vacated by our supreme court in *Douglass v. Irvin* (1990), Ind., 549 N.E.2d 368 (*Douglass II*).

The purpose of summary judgment is to terminate litigation about which there can be no material factual dispute and which can be resolved as a matter of law. *United Farm Bureau Mutual Insurance Co. v. Schult* (1992), Ind.App., 602 N.E.2d 173, 174, *reh. denied*. A fact is "material" for summary judgment purposes if it helps to prove or disprove an essential element of the plaintiff's cause of action. *Slay v. Marion County Sheriff's Dept.* (1992), Ind. App., 603 N.E.2d 877, 884, *trans. denied.* When reviewing the grant of a motion for summary judgment, this court stands in the shoes of the trial court. *Horn v. Klotz* (1992), Ind.App., 603 N.E.2d 870, 872.

In *Douglass I* and *Douglass II*, a landowner's neighbor was summoned by the police to join them in a search of the absent landowner's home after a burglar alarm went off in the home. The search was hampered by the darkness of the night and the failure of the landowner's lights due to a power outage. The neighbor, classified in the case as an invitee, entered the home through the landowner's patio door, tripped over a plant, and fell into a hot tub. He brought a premises liability action to recover for the resulting injuries. The trial court granted summary judgment in favor of the landowner on the basis that no duty was owed to the invitee.

In *Douglass I*, we reversed the trial court. In so doing, the court held material issues of fact existed as to whether the landowner was relieved of any duty owed to the invitee. 531 N.E.2d at 1218. The basis for the court's holding was its belief that a landowner is relieved of duty when an invitee possesses knowledge equal or

superior to that of the landowner concerning the hazard causing injury. *Id.* at 1217.

In *Douglass II,* our supreme court vacated the *Douglass I* decision. The court held proof of equal or superior knowledge of danger to an invitee is not a prerequisite element of, or limitation upon existence of, the landowner's duty of care. 549 N.E.2d at 370–371. The court further held:

> While the comparative knowledge of landowner and invitee is not a factor in assessing *whether the duty exists,* it is properly taken into consideration in determining *whether such a duty was breached.* Separate evidence of disparate knowledge is not required to prove the existence of duty. However, facts showing only that a landowner knows of a condition involving a risk of harm to an invitee, but could reasonably expect the invitee to discover, realize, and avoid such risk, may be insufficient to prove breach of duty. (Citations omitted and emphasis supplied).

549 N.E.2d at 370. The court held summary judgment was proper because there was no evidence the landowner knew or should have known the invitee would forget the front door key provided to him by the landowner and enter the darkened home by the patio door. *Id.* at 371.

■ In granting summary judgment, the trial court in the present case did not make particularized findings of fact and conclusions of law. Accordingly, the trial court's rationale for granting such judgment is not known to us. However, as an appellate court we may affirm a grant of summary judgment on any grounds found in the designated portions of the record. *Douglass II, supra,* at 371. Thus, even assuming the trial court granted summary judgment for the wrong reason, we may affirm if another reason is apparent in the record.

■ A landowner or possessor of land owes an invitee a duty to exercise reasonable care for the invitee's protection while he is on the landowner's or possessor's premises. *Burrell v. Meads* (1991), 569 N.E.2d 637, 639, *reh. denied* (*citing Hammond v. Allegretti* (1974), 262 Ind. 82, 311

N.E.2d 821). The duty is defined in Restatement (Second) of Torts § 343 (1965):

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against danger.

Furthermore, Restatement (Second) of Torts § 343A states:

> (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

In the present case, a warning from Ziegert was not needed because she couldn't tell Watson anything he did not know. Ziegert knew only that the tower was old and rusty and, in the lay opinion of her son, these conditions rendered the tower dangerous. Watson, who had dismantled fifteen to twenty towers in the past, already knew from his educated observation that the tower was old and rusty. He also knew the steel attached to the bottom of the tower and the rope tied to the chimney indicated the structure needed bracing. Additionally, in answer to a deposition question as to why a rope was stretched by him from the structure to the tree, Watson admitted "Somebody was afraid it would fall, and I didn't want to be it." (R. 101).

In relating the undisputed facts to Restatement (Second) § 343, we hold as a matter of law that Ziegert is not liable to Watson for his injuries. Watson was invited onto Ziegert's property for the purpose of dismantling the tower. Ziegert knew that arguably the age of the tower and the rusty condition presented a risk to Watson which was in addition to the risks he would

normally face in dismantling such a large structure. However, the age and rust were easily observable; thus, they were conditions which Ziegert rightfully expected would be discovered by Watson. Furthermore, Ziegert rightfully expected Watson, an experienced person at dismantling towers, would take the proper precautions to guard against any additional hazards resulting from the easily observable conditions.

Thus, while we conclude the trial court may have granted summary judgment for the wrong reasons, we agree with the trial court's grant of such judgment because we find an absence of a genuine factual issue as to breach of duty.

Affirmed.

CHEZEM and SULLIVAN, JJ., concur.