Katherine SCHRUM, Eva Schrum and Peter Schrum, Appellants–Plaintiffs,

v.

Sonya MOSKALUK, Appellee–Defendant.

No. 45A04–9504–CV–134.

Court of Appeals of Indiana.

Sept. 20, 1995.

---

Douglas G. Amber, Timothy F. Kelly & Associates, Munster, for Appellants.

Harold G. Hagberg, Greg A. Bouwer, Spangler, Jennings & Dougherty, Merrillville, for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiffs–Appellants, Katherine, Eva and Peter Schrum (hereinafter collectively referred to as "the Schrums" and individually as ("Katherine", "Eva", and "Peter") appeal from the grant of summary judgment in favor of Defendant–Appellee Sonya Moskaluk (Sonya) following the Schrums' premises liability action.

We reverse and remand.

### ISSUES

The dispositive issue raised in this appeal is:

Whether a homeowner operating a rummage sale on her property owes a duty of reasonable care to the children of those attending or participating in the sale, or whether her duty is simply to protect her invitees from known dangers.

### FACTS AND PROCEDURAL HISTORY

This suit arose from a dog bite incident that occurred on Sonya's residential property while she was operating a rummage sale. On June 12, 1993, Sonya and her boyfriend, Dodge Boroian, had a garage sale at Sonya's Lake County residence located at 6547 Jefferson Avenue, Hammond, Indiana. Prior to the sale, Sonya advertised in "The Hammond Times" newspaper regarding the sale.

With Sonya's consent, neighbors, Peter and Eva Schrum, set up some tables of their own and participated in the garage sale with Sonya. Peter and Eva were not involved in

any type of joint enterprise with Sonya, but rather were simply selling their own personal goods at the sale located on Sonya's property. On the morning of the sale, Peter arrived first at Sonya's residence and later in the morning Eva arrived, accompanied by the couple's four-year old daughter, Katherine. Later in the morning, Tammy Crisp came to Sonya's house with her sister's Akita dog, which weighs approximately 100 pounds. While Tammy was talking with Sonya inside the house, she left the dog tied to a sidewalk railing in Sonya's front yard. Katherine approached the dog and the dog bit her on the face and neck. Katherine was taken immediately to the hospital.

The Schrums filed a negligence action against Sonya alleging that Katherine was a business invitee on Sonya's property, that Sonya permitted an obviously dangerous unsupervised dog to remain on her property, and as a proximate cause of her negligence, Katherine sustained serious injuries.[1] Sonya motioned for summary judgment arguing that she did not breach any duty owed to Katherine. The Schrums filed their opposition to Sonya's motion. Following a hearing on the parties' respective motions and a consideration of the designated material, the trial court granted summary judgment in favor of Sonya as follows:

The undisputed facts indicate that on the date and time of the incident in question, defendant Moskaluk had no knowledge that the dog which bit the plaintiff was on her property. Moskaluk further had no knowledge that the dog presented a danger to plaintiff or any other person. The Court now therefore finds that the defendant, Sonya Moskaluk, is entitled to Summary Judgment as a matter of law.

(R. 314). Upon Sonya's request and pursuant to Ind.Trial Rule 54(B), the trial court entered final judgment in favor of Sonya. The Schrums appeal.

### STANDARD OF REVIEW

The purpose of summary judgment is to terminate litigation about which there

---

1. The Schrums also filed negligence actions against Candy Crisp, the owner of the dog; Tammy Crisp; and Dodge Boroian, who also resides on the property where the incident occurred.

can be no material factual dispute and which can be resolved as a matter of law. *Watson v. Ziegert* (1993), Ind.App., 616 N.E.2d 785, 786. Summary judgment is appropriate if the designated evidentiary material shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431, 434. Any doubt as to the existence of a factual issue should be resolved against the moving party, construing all properly asserted facts and reasonable inferences in favor of the non-movant. *Thornhill v. Deka–Di Riding Stables* (1994), Ind.App., 643 N.E.2d 983, 986, *trans. denied.* A fact is "material" for summary judgment purposes if it helps to prove or disprove an essential element of the plaintiff's cause of action. *Watson*, 616 N.E.2d at 786.

When reviewing the trial court's ruling on a motion for summary judgment, this court applies the same standard as the trial court. *American Family Mut. Ins. Co. v. Dye* (1994), Ind.App., 634 N.E.2d 844, 846, *reh'g denied, trans. denied.* On appeal, we are required to carefully scrutinize the trial court's determination in order to assure that the non-prevailing party is not improperly denied his or her day in court. *Campbell v. Criterion Group* (1993), Ind.App., 613 N.E.2d 423, 428, *on reh'g* (1993), Ind.App., 621 N.E.2d 342.

Summary judgment is a lethal weapon and courts must be mindful of its aims and targets and beware of overkill in its use. *Place v. Sagamore Center, Inc.* (1992), Ind.App., 604 N.E.2d 671, 673, *trans. denied.* Even if the trial court believes that the non-moving party will not prevail at trial, where material facts conflict or conflicting inferences arise from the undisputed facts, summary judgment should not be entered. *Campbell*, 613 N.E.2d at 428. Furthermore, summary judgment is rarely appropriate in negligence actions. *State Street Duffy's, Inc. v. Loyd* (1993), Ind.App., 623 N.E.2d 1099, 1101, *trans. denied.*

However, on appeal a trial court's grant of summary judgment is "clothed with a presumption of validity." *Rosi*, 615 N.E.2d at 434 (quoting *Department of Revenue v. Caylor–Nickel Clinic* (1992), Ind., 587 N.E.2d 1311, 1312–1313). The appellant bears the burden of proving that the trial court erred in determining that there are no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Rosi*, 615 N.E.2d at 434.

*DISCUSSION AND DECISION*

I.

The Schrums contend that the trial court erred in holding that a possessor of land who advertises and operates a rummage sale at her home only owes her invitees a duty to protect them from known dangers. They essentially argue that Katherine was an invitee on Sonya's property and therefore that Sonya owed Katherine a duty of reasonable care, which she failed to exercise, thereby causing Katherine's injury.

Sonya urges us to apply "dog bite" law to this case, rather than premises liability law. In the alternative, Sonya argues that Katherine was a mere licensee, and the only duty owed to her was the duty to refrain from willfully or wantonly injuring her or acting in a manner to increase her peril.

We decline to adopt Sonya's position because the action before us does not involve a dog owner, nor does it involve a dog-owning homeowner. Rather, this case involves a resident homeowner and that homeowner's duty to a child invitee. In this context, a person entering the land of another is owed a duty according to his status.

A. Premises Liability Law
After *Burrell v. Meads*

Our supreme court in *Burrell v. Meads* (1991), Ind., 569 N.E.2d 637, *reh'g denied*, undertook a comprehensive review of premises liability law in Indiana. The *Burrell* court formally adopted the "invitation test[2]" as the analytical framework for decid-

---

2. When a person has a license to go upon the grounds or the enclosure of another, he takes the premises as he finds them, and accepts whatever perils he incurs in the use of such license. But when the owner or occupant, by enticement, allurement, or inducement, wheth-

ing who is an invitee. *Burrell*, 569 N.E.2d at 642. Using the adopted framework, the court announced three categories of individuals entitled to "invitee" status when on an occupant of land or landowner's property: the public invitee, the business visitor, and the social guest. *Id.* The Restatement (Second) of Torts defines the public invitee and the business visitor as follows:

A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.

A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of land.

Restatement (Second) of Torts § 332 (1965). In addition to the two categories of invitee recognized under § 332, the court added social guests as a third type of invitee. *Burrell*, 569 N.E.2d at 642–43. A social guest is one who enters an occupier or landowner's property pursuant to "an express or reasonably implied invitation." *Id.* at 643.

Having defined the three categories of invitees under current Indiana law, we next define the duty owed to invitees by the occupiers of land.

### B. The Duty Owed to Invitees

■ A landowner owes the highest duty of care to an invitee; that is the duty to exercise reasonable care for his protection while he is on the landowner's property. *Burrell*, 569 N.E.2d at 639 (citing *Hammond v. Allegretti* (1974), 262 Ind. 82, 311 N.E.2d 821). The *Burrell* court adopted the Restatement's definition of this duty:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and

should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

*Burrell*, 569 N.E.2d at 639–640 (citing Restatement (Second) of Torts § 343).

### C. Application of *Burrell* to This Case

■ Having reviewed the applicable law, we now turn to the facts of this case. We first note that in the absence of the existence of a duty, there can be no negligence. *Duffy v. Ben Dee, Inc.* (1995), Ind. App., 651 N.E.2d 320, 322, *reh'g denied.* Therefore, we must decide whether Sonya owed any legal duty to Katherine. Whether there is a legal duty running from one party to another in a negligence action is a pure question of law. *Id.*

■ Based on the undisputed evidence, Katherine was an invitee on Sonya's premises. Whether we denominate Katherine a business or public invitee or a social guest is of no moment, because the duty owing to all three categories is the same. Sonya, as a landowner, owed Katherine, an invitee, a duty to exercise reasonable care for Katherine's protection while she was on Sonya's premises. Sonya owed Katherine a duty to exercise reasonable care to discover conditions that involved an unreasonable risk of harm to invitees who would not realize the danger, or would fail to protect themselves against it. *See* Restatement § 343.

There is an issue of fact as to whether Sonya's actions constituted the exercise of reasonable care and whether she should have realized that the dog presented a potential danger to the invitees on her premises. Because we find that there exists a genuine

er express or implied, causes another to come upon his lands, he then assumes the obligation of providing for the safety and protection of the person so coming, and for any breach of duty in that respect such owner or occupant becomes liable for any injury which may result to the person so caused to come onto his lands. The enticement, allurement, or inducement, as the case may be, must be the equivalent of an

express or implied invitation. Mere acquiescence in the use of one's land by another is not sufficient. Such an implied invitation may be inferred from some act or line of conduct, or from some designation or dedication.
*Burrell*, 569 N.E.2d at 640 (citing *Indiana, Bloomington & W.Ry. v. Barnhart* (1888), 115 Ind. 399, 408, 16 N.E. 121, 125).

factual issue as to breach of duty, we remand for a trial on the merits.

## CONCLUSION

We decide, as a matter of law, that Katherine was an invitee on Sonya's premises at the time of the accident. Therefore, Sonya owed Katherine the duty of reasonable care. The question of what constitutes reasonable care under these particular circumstances should be resolved by a jury.

We reverse and remand.

DARDEN and BAKER, JJ., concur.