Betty JACQUES, Appellant–Plaintiff,

v.

**ALLIED BUILDING SERVICES OF INDIANA, INC., Appellee–Defendant.**

No. 67A04–9812–CV–600.

Court of Appeals of Indiana.

Oct. 12, 1999.

David B. Wilson, Indianapolis, Indiana, James Harvey Young, Greencastle, Indiana, Attorneys for Appellant.

Eric W. Prime, Katherine L. Modesitt, Hill Fulwider McDowell Funk & Matthews, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

KIRSCH, Judge

Betty Jacques appeals the trial court's grant of summary judgment in favor of defendant Allied Building Services of Indiana, Inc. ("Allied"), raising the following issue for review: whether the trial court erred in determining that Allied owed no duty to Jacques.

We reverse.

## FACTS AND PROCEDURAL HISTORY

Allied contracted with Marsh Supermarkets, Inc. ("Marsh") to provide floor maintenance for the Greencastle Marsh store. Allied's services included regular maintenance, which it performed three nights per week, an interim recoat procedure, which it performed once every three months, and a strip and wax procedure, which it performed once every year to eighteen months. In addition, Allied "touched up" areas of Marsh's sales floor on an as-needed basis and responded to Marsh's complaints and concerns with additional inspections and service. These special services were not documented.

On October 9, 1996, Betty Jacques stopped at the Greencastle Marsh supermarket to do some shopping. While preparing to exit the store after making her purchases, she slipped and fell in the interior front lobby near the front entrance. Rick Lancaster, the Marsh co-manager on duty at the time, inspected the area where Jacques fell. He determined that it was clean and dry, but detected a slick spot with his foot which he believed may have had "slick wax." Allied had performed its regular service the night before Jacques' fall and had last performed its recoat procedure about two months earlier.

Jacques brought suit against Marsh and Allied, claiming that they were liable for the injuries she sustained in her fall. Allied moved for summary judgment, claiming that it owed no duty to Jacques as a matter of law because Marsh had accepted its work. The trial court agreed and granted Allied's motion. Jacques now appeals.

## DISCUSSION AND DECISION

Summary judgment is appropriate when the designated evidence demon-

strates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The purpose of summary judgment is to terminate litigation about which there can be no material factual dispute and which can be resolved as a matter of law. *Schrum v. Moskaluk*, 655 N.E.2d 561, 563–64 (Ind.Ct.App.1995), *trans. denied.*

▉ When reviewing a motion for summary judgment, this court applies the same standard utilized by the trial court, and we resolve any doubt as to a fact, or an inference to be drawn therefrom, in favor of the party opposing summary judgment. *Bamberger & Feibleman v. Indianapolis Power & Light Co.*, 665 N.E.2d 933 (Ind.Ct.App.1996). We will affirm a trial court's grant of summary judgment if it is sustainable on any theory found in the evidence designated to the trial court. *Id.*

▉ When the movant's affidavits and other evidence demonstrate the lack of a genuine issue, the burden shifts to the opposing party to demonstrate the existence of a genuine issue for trial. *Carroll v. Jagoe Homes, Inc.*, 677 N.E.2d 612, 614 (Ind.Ct.App.1997), *trans. denied.* The non-moving party may not rest on the pleadings, but must set forth specific facts that show there is a genuine issue of material fact for trial. *Worrell v. WLT Corp.*, 653 N.E.2d 1054, 1056 (Ind.Ct.App. 1995), *trans. denied.* A defendant in a negligence action may obtain summary judgment by demonstrating that the undisputed material facts negate at least one element of the plaintiff's claim or that the claim is barred by an affirmative defense. *Hapner v. State*, 699 N.E.2d 1200, 1203 (Ind.Ct.App.1998).

▉ Jacques claims that Allied was negligent in failing to make the Marsh floor safe for her. In order to prevail on a claim of negligence, a plaintiff must prove: 1) a duty owed to the plaintiff by the defendant; 2) a breach of that duty by the defendant; and 3) injury to the plaintiff

proximately caused by that breach. *Wickey v. Sparks*, 642 N.E.2d 262, 265 (Ind.Ct. App.1994), *trans. denied* (1995). The only element at issue here is whether Allied owed Jacques a duty under the circumstances. Whether a duty exists is generally a question of law for the court to determine. *Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind.1991). However, factual questions may be interwoven in this issue, thus rendering the existence of a duty a mixed question of law and fact, ultimately to be resolved by the fact-finder. *State v. Cornelius*, 637 N.E.2d 195, 198 (Ind.Ct.App. 1994), *trans. denied.* In imposing a common law duty, a court should weigh three main factors: 1) the relationship between the parties, 2) the reasonable foreseeability of the type of harm to the type of plaintiff at issue, and 3) the public policy promoted by recognizing an enforceable duty. *Webb*, 575 N.E.2d at 995; *see also Cram v. Howell*, 680 N.E.2d 1096, 1097 n. 1 (Ind.1997); *Perdue Farms, Inc. v. Pryor*, 683 N.E.2d 239, 241 (Ind.1997). Imposition of a duty is limited to instances where a reasonably foreseeable victim is injured by a reasonably foreseeable harm. *Webb*, 575 N.E.2d at 995.

▉ Allied argues that it owed no duty to Jacques because its work had been accepted by Marsh. Generally, contractors do not owe a duty of care to third parties after the owner has accepted the work. *Blake v. Calumet Constr. Corp.*, 674 N.E.2d 167, 170 (Ind.1996); *Hill v. Rieth–Riley Constr. Co.*, 670 N.E.2d 940, 944 (Ind.Ct.App.1996); *Lynn v. Hart*, 565 N.E.2d 1162, 1163 (Ind.Ct.App.1991). Evidence of the independent contractor's mere negligence is insufficient to impose liability against the contractor after acceptance of the work by the general contractor or owner. *Snider v. Bob Heinlin Concrete Constr. Co.*, 506 N.E.2d 77, 82 (Ind. Ct.App.1987), *trans. denied.*

In *Blake*, our supreme court reexamined the acceptance rule first established in *Daugherty v. Herzog*, 145 Ind. 255, 44 N.E. 457 (1896). *Blake*, 674 N.E.2d at

170–71. The court noted that this rule is premised on the passing of control of the premises back to the owner. It stated that "a contractor's duty of care ceases once the owner is again better able than the contractor to prevent the harm." *Id.* at 171. After reiterating that acceptance of the contractor's work is the critical consideration, the court established a test for determining whether acceptance has taken place, focusing on whether the owner was better able to prevent injury to third parties at the time the harm occurred. Factors in the acceptance inquiry include whether: 1) the owner or its agent reasserted physical control over the premises or instrumentality; 2) the work was actually completed; 3) the owner expressly communicated an acceptance or release of liability; or 4) the owner's actions permit a reasonable inference that the work was accepted. *Id.* at 171.

In *Blake,* the court applied these factors and determined that there was insufficient evidence to establish that the owner had accepted the contractor's work as a matter of law. The only evidence that the contractor presented of acceptance was that it had been paid in full before the plaintiff's injury occurred. The court noted that there was no evidence in the record that the owner was satisfied with the contractor's work. The record was also silent about who controlled the premises at the time of the injury and whether the contract was completed according to specifications. Because of this lack of evidence of acceptance, the court held that the contractor was not entitled to summary judgment on the duty issue. *Id.* at 171–72.

In *Hapner v. State,* 699 N.E.2d 1200 (Ind.Ct.App.1998), this court focused on the issue of acceptance to determine whether a contractor owed a duty to a third party. In *Hapner,* the plaintiff was injured when the car he was driving struck a roadside guardrail installed by a contractor in a road construction area. We looked at the four factors identified in *Blake* and determined that the contractor's work had been accepted and its duty

therefore extinguished. We noted that the contractor had turned over physical control of the site to another contractor, that the contractor had been paid for its work on the guardrails, and that the owner had inspected the site and approved it as being in a nonhazardous condition. *Id.* at 1205. We also noted that the contractor had completed its work to the satisfaction of the parties involved and that its discrete portion of the road improvement project had been completed for many months prior to the accident. It had not even been present at the site for some time while work by other contractors was ongoing. *Id.* We held that acceptance had been established as a matter of law and that the contractor was therefore entitled to summary judgment.

 Jacques argues that there is a material issue with regard to whether Marsh accepted Allied's work. We agree. The record evidence on the four considerations identified in *Blake* is conflicting, when viewed in the light most favorable to Jacques, the nonmovant. First, Allied never had physical control of Marsh's premises, but it continued to assert the control that it did have—responsibility for maintenance of the sales floor—and never relinquished that responsibility to Marsh. The work was not completed because it was provided under an agreement to perform regularly-scheduled cleaning and on-demand service. Marsh never expressly communicated an acceptance to Allied. Lancaster examined the store floor on the day that Jacques fell, and saw nothing wrong; however, he noted that a condition of slick wax would not be apparent by visual inspection. This evidence does not establish acceptance as a matter of law.

Allied argues that this case is analogous to the case of *Lynn v. Hart.* In *Lynn,* this court again invoked the rule that a contractor is not liable to third parties if its work has been accepted by the owner. *Lynn,* 565 N.E.2d at 1164. In *Lynn,* the owner had contracted with Tinich to plow its parking lot when snow had accumulated to a specified depth. Pursuant to the con-

tract, Tinich began plowing the parking lot on January 10, 1987 after a snow storm. He returned and finished the job on January 13, 1987. The property owner had an opportunity to inspect the condition of the parking lot and had no complaint or criticism about Tinich's work. On January 14, 1987, Hart slipped and fell in the parking lot and sued both the owner and Tinich for his injuries. In affirming the lower court's grant of summary judgment to Tinich, this court determined that Tinich acted as an independent contractor with regard to his agreement to plow snow. After citing the general rule that the contractor is not liable after acceptance of his work, we concluded that there was no material issue about whether the owner had accepted Tinich's work. Accordingly, he was entitled to summary judgment. *Id.* at 1164.

This case differs from *Lynn* on the critical issue of acceptance. In *Lynn,* the quality of the contractor's work and the condition of the premises were easily ascertainable. This, in addition to evidence that the owner did examine the parking lot, permitted the reasonable inference that the owner had accepted the work. In this case, a visual inspection of the floor would not have revealed its condition. Further, there was no evidence that any particularized inspection of the floor was done beyond the manager's general "walk-through" inspection of the store as a whole. That Marsh accepted Allied's work is not the only reasonable inference that can be drawn from these facts. Therefore, Allied is not entitled to summary judgment on the basis that it owed no duty to Jacques. *See Watters v. Dinn,* 633 N.E.2d 280, 285 (Ind.Ct.App.1994) (summary judgment should not be entered where conflicting inferences may be drawn from the facts), *trans. denied.*

Reversed.

DARDEN, J., and BROOK, J., concur.