**Robert E. MADGE, Jr., Appellant,**

v.

**ROD O'KELLEY, INC. d/b/a Boot City Homes, Appellee.**

No. 84A01–0603–CV–92.

Court of Appeals of Indiana.

Oct. 24, 2006.

Edward A. McGlone, Terre Haute, IN, Attorneys for Appellant.

R. Steven Johnson, Sacopulos Johnson & Sacopulos, Tracy Weber, Wilkinson, Goeller, Modesitt, Wilkinson & Drummy, Terre Haute, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Robert E. Madge, Jr. appeals from the trial court's order granting the motion of Rod O'Kelley, Inc. d/b/a Boot City Homes ("Boot City") for summary judgment on Madge's complaint alleging breach of contract and negligence. Madge presents a single issue for review, namely, whether the trial court erred when it granted summary judgment on the breach of contract claim.

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

On October 26, 2001, Madge executed an agreement ("the agreement") to purchase

a manufactured home ("the unit") from Boot City. The agreement included a one-year limitation period: "I understand and agree that—if either of us should breach this contract—the other of us shall have only one year after the occurrence of that breach, in which to commence an action for a breach of this contract." Appellant's App. at 250. On April 24, 2002, Madge paid a deposit of $3,706.68 toward the purchase price so that the particular unit he had chosen would be held for him. In preparation for delivery, Boot City separated the unit into halves. The unit was originally scheduled to be delivered on June 20, 2002, but on that morning Boot City informed Madge that it could not make the delivery that day.

On September 24, 2002, Madge went to Boot City and paid the balance of the purchase price, $33,380.07. Madge obtained a key from a sales associate and, upon inspection, found that the front half of the unit had sustained water damage. Boot City's sales associate noted on the agreement that there was water damage in the front unit and that the back unit was inaccessible.

Rod O'Kelley, president and fifty-one percent shareholder of Rod O'Kelley, Inc., telephoned Madge on September 25, 2002. O'Kelley acknowledged the water damage, estimated the damage to total $1000, and offered to repair the unit if Madge would pay one-half of the cost. Madge questioned the estimate and inquired about obtaining an independent estimate. The call ended when O'Kelley hung up on Madge.

On September 25, 2002, Madge wrote a memo to Boot City, canceling delivery of the unit and requesting a refund of his money. The memo stated:

TO BOOT CITY HOMES
AFTER FINAL INSPECTION OF HOME FOR DELIVER [sic] WATER DAMAGED [sic] WAS FOUND TO FRONT HALF OF UNIT AND WAS SHOWN TO MICHELL BOOT CITY AGENT AND NOTED ON INVOICE PENDING BOOT CITY TO INSPECT SINCE THIS MATTER CAN NOT BE RESOLVED BY FRIDAY I HAVE CANCELLED DELIVERY TO SITE HOME IS NOT IN ACCEPTABLE CONDITION TO DELIVERED [sic] AFTER TALKING WITH BRIAN WHITSELL ABOUT KNOWLEDGE OF WATER DAMAGE PRIOR I HAVE NO CHOICE BUT TO ASK FOR A COMPLETE AND TOTAL REFUND AT THIS TIME BY FRIDAY SEPTEMBER 27 12 PM

Appellant's App. at 165 (emphasis in original).

Madge subsequently attempted to have an insurance adjuster inspect the unit but no longer had a key to enter the unit. That adjuster estimated the damage after viewing the unit from the outside. On October 8, 2002, an attorney wrote to Boot City on behalf of Madge, demanding a full refund. And on August 22, 2003, Servpro, with a key provided by Boot City, inspected the unit at Madge's request and estimated the repair cost to be $42,749.83.

On January 6, 2004, Madge filed a complaint against Boot City, asserting claims for breach of contract and negligence. Boot City filed a motion for summary judgment, and, after a hearing, the trial court granted that motion on both counts. Madge now appeals from the summary judgment on the breach of contract count.

## DISCUSSION AND DECISION

When reviewing summary judgment, this court views the same matters and issues that were before the trial court and follows the same process. *Estate of Taylor ex rel. Taylor v. Muncie Med. Inves-*

tors, *L.P.*, 727 N.E.2d 466, 469 (Ind.Ct. App.2000), *trans. denied.* We construe all facts and reasonable inferences to be drawn from those facts in favor of the non-moving party. *Jesse v. Am. Cmty. Mut. Ins. Co.*, 725 N.E.2d 420, 423 (Ind.Ct.App. 2000), *trans. denied.* Summary judgment is appropriate when the designated evidence demonstrates that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). The purpose of summary judgment is to terminate litigation about which there can be no material factual dispute and which can be resolved as a matter of law. *Zawistoski v. Gene B. Glick Co.*, 727 N.E.2d 790, 792 (Ind.Ct.App.2000).

If the trial court's entry of summary judgment can be sustained on any theory or basis in the record, we must affirm. *Ledbetter v. Ball Mem'l Hosp.*, 724 N.E.2d 1113, 1116 (Ind.Ct.App.2000), *trans. denied.* But all facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 973 (Ind. 2001). Even if the trial court believes that the non-moving party will not prevail at trial, where material facts conflict or conflicting inferences arise from the undisputed facts, summary judgment should not be entered. *Schrum v. Moskaluk*, 655 N.E.2d 561, 564 (Ind.Ct.App.1995), *trans. denied.*

Madge contends that the trial court erred when it granted summary judgment on the breach of contract count on the ground that his claim was barred by the one-year limitation period contained in the agreement. Our supreme court has recently upheld an identical limitation period in an agreement to purchase a manufactured home. In *New Welton Homes v. Eckman*, 830 N.E.2d 32 (Ind.2005), the purchasers' manufactured home sustained water damage from heavy rains and water retention around the home site three years after they had executed the purchase contract and two years after their site was completed for the home's placement. The purchasers argued that the one-year limitation in the purchase contract did not bar their action against the seller because a discovery rule applied to that provision. Our supreme court disagreed. *Id.* at 35.

The court first stated that "Indiana law generally holds that 'contractual limitations shortening the time to commence suit are valid, at least so long as a reasonable time is afforded.'" *Id.* (quoting *Summers v. Auto-Owners Ins. Co.*, 719 N.E.2d 412, 414 (Ind.Ct.App.1999)). And while contractual provisions may sometimes be avoided if the claimant can prove fraud, duress, misrepresentation, adhesion, or illusory contract, the purchasers had not challenged the contract or the limitation provision on any of those grounds. *See id.* The court further observed, "we must leave to the individual parties the right to make the terms of their agreements as they deem fit and proper, and, as long as those terms are clear and unambiguous and are not unlawful, we can only enforce them as agreed upon." *Id.*

■ As noted above, the limitation period in Madge's agreement is identical to that found in the *New Welton Homes* agreement. And like the purchasers in that case, Madge has not challenged the one-year limitation period provided in the agreement on the basis of fraud, duress, misrepresentation, adhesion, or illusory contract. On these facts, we must apply the limitation period in the agreement to Madge's claim.

Madge contends that the limitation period had not yet run when he filed his complaint. That period began to run when

the breach, if any, occurred.[1] *See id.* Thus, before the one-year limitation period can be applied, we must first determine whether and, if so, when a breach occurred.

▪ The Indiana Uniform Commercial Code does not define "breach." But Indiana Code Section 26–1–2–601 defines a buyer's rights on improper delivery, and that section provides, in relevant part, that, "if the goods or the tender of delivery fail in any respect to conform to the contract, the buyer may [r]eject the whole[.]" Ind.Code § 26–1–2–601(a). A buyer's justifiable rejection for failure to conform to the contract means that the seller has breached. William D. Hawklund, Uniform Commercial Code Series § 2–601:7, at Art. 2–18 (West 2002) ("If the goods may be rejected, the seller has breached and the acceptance of the goods, or part of them, by the buyer does not cure the breach or relieve the seller from the consequences thereof."). "Goods or conduct including any part of a performance are 'conforming' or conform to the contract when they are in accordance with the obligations under the contract." Ind.Code § 26–1–2–106(2).

▪ Here, in order to determine the date of breach, we must first determine whether and, if so, when the unit was nonconforming. Immediately after Madge paid in full for the unit on September 25, 2002, he entered the front half of the unit and found that it had sustained water damaged. Boot City's sales agent noted the damage on the purchase agreement and informed O'Kelley of the damage. O'Kelley called Madge the following day, estimated the damage to the manufactured home to be $1000, and offered to pay one-half of that amount. Madge refused O'Kelley's offer to split the repair cost and

asked about an independent inspection. The call ended when O'Kelley hung up on Madge. That day, Madge wrote a memo to Boot City, canceling delivery of the unit and requesting a full refund.

Madge testified that he believed Boot City was not "abiding by the terms of [the] agreement" on that date when Boot City, through its president, O'Kelley, failed to "attempt to resolve the issue with the unit or [give] a refund or whatever [was] necessary to make sure that [Madge] had a unit for the basement that [he] had constructed...." Appellant's App. at 140–41. Boot City denies that it breached the agreement but asserts that Madge breached the agreement on September 25, 2005, when he requested in writing a "complete and total refund." Appellant's Brief at 7. The parties' unilateral and subjective beliefs that the other party breached the agreement are not dispositive of that fact. Boot City does not deny that there was water damage to the unit. Instead, Boot City disputes the amount of damage alleged to have existed as of September 25 by denying that it breached the agreement. Whether the damage that existed on September 25, or on a later date, rendered the unit nonconforming to the agreement is a question of material fact. In other words, here, whether the buyer was justified in rejecting goods as nonconforming is a question of material fact that precludes summary judgment.

The date of breach must be determined in order to determine whether the limitations period had run before suit was filed. Thus, whether and when a breach occurred and who breached constitute material facts in dispute, precluding summary judgment. *See* Ind. Trial R. 56(C). Boot City was not entitled to summary judgment on the breach of contract claim. We

---

1. The date of the breach was not contested in *New Welton Homes.* Here, we must determine the date of any breach in order to determine whether the limitations period has run.

reverse the grant of summary judgment on the breach of contract claim and remand for further proceedings.

Reversed and remanded.

FRIEDLANDER, J., and DARDEN, J., concur.