## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 12 2016, 9:48 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Jeffrey S. Wrage
Nathan D. Vis
Blachly Tabor Bozik & Hartman, LLC
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE

Renee J. Mortimer
Scott B. Cockrum
Hinshaw & Culbertson, LLP
Schererville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Stephanie Olson,

*Appellant-Plaintiff,*

v.

Capital First Realty, Inc., Williamsburg Manor Corporation, and Williamsburg Manor Limited Partnership, Williamsburg Manor MHC, LLC,

*Appellees-Defendants.*

January 12, 2016

Court of Appeals Cause No. 64A05-1506-CT-815

Appeal from the Porter Superior Court

The Honorable William E. Alexa, Judge

Trial Court Cause No. 64D02-1206-CT-6185

**Barnes, Judge.**

# Case Summary

Stephanie Olsen appeals the trial court's grant of summary judgment to Capital First Realty, Inc., Williamsburg Manor Corporation, Williamsburg Limited Partnership, and Williamsburg Manor MHC, LLC (collectively, "Defendants").[1] We affirm.

# Issue

Olsen raises two issues, which we consolidate and restate as whether the trial court properly granted summary judgment to Defendants on Olsen's premises liability claim.

# Facts

Olsen was an independent contractor for Moonlight Distribution, Inc. She delivered newspapers on two routes, including in the Williamsburg Manor Mobile Home Community in Porter County, which Olsen alleges Defendants owned, operated and/or maintained.

On February 1, 2011, the Porter County Commissioners declared a state of emergency due to a significant blizzard. The state of emergency was not lifted until February 5, 2011.

---

[1] Appellees note that Williamsburg Manor MHC, LLC has not filed an appearance on appeal.

[5] Prior to delivering the newspapers on February 3, 2011, Olsen called Marianne Ebert of Moonlight Distribution. Olsen was aware that a "travel advisory" had been issued in Porter County. App. pp. 131-32. She knew that it had snowed and that the roads were snowy and icy. Olsen did not want to drive because "the weather was awful." *Id.* at 126. Ebert told Olsen that she was required to deliver the newspapers that day despite the snow. Olsen borrowed her son's truck because of the road conditions.

[6] When she arrived at the Williamsburg Manor Mobile Home Community between 4:00 a.m. and 4:30 a.m., Olsen noticed that one lane of the road was plowed, but she could not see the pavement due to snow or ice or both. Olsen successfully delivered the first newspaper by getting out of her vehicle. At Olsen's second stop, she stopped the truck on the snow-covered pavement, opened the driver's door, and stepped out of the vehicle with her left leg. When she shifted her right side to get out of the vehicle, her left leg slipped, and she heard a crack. After she fell, she saw snow on the road but did not see ice. Olsen's leg was broken, and after becoming infected, her leg was amputated.

[7] Olsen filed a complaint against Defendants in June 2012, alleging that Defendants had a duty to exercise reasonable care to protect her from injury, that they breached their duty, and that she was injured as a result of the breach. Defendants filed a motion for summary judgment. Defendants argued that Olsen was a licensee but that, even if Olsen was an invitee, Defendants did not breach a duty to Olsen because the danger was open and obvious. Defendants also argued that they were not the proximate cause of Olsen's injury. Olsen

argued that she was a business invitee, that Defendants owed her a duty of care, that they breached their duty, and that the breach was proximate cause of her damages. After a hearing, the trial court granted Defendants' motion for summary judgment. The trial court found "that the land owner owed no duty to Plaintiff because the danger complained of was open and notorious and Plaintiff was fully aware of that danger." *Id.* at 1. Olsen now appeals.

## Analysis

Olsen argues that the trial court erred when it granted summary judgment to Defendants. An appellate court reviewing summary judgment analyzes the issues in the same way as would a trial court. *Pfenning v. Lineman*, 947 N.E.2d 392, 396 (Ind. 2011). A party seeking summary judgment must establish that "the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). The party moving for summary judgment bears the initial burden of establishing its entitlement to summary judgment. *Pfenning*, 947 N.E.2d at 396-97. "Only then does the burden fall upon the non-moving party to set forth specific facts demonstrating a genuine issue for trial." *Id.* at 397. The reviewing court must construe the evidence in favor of the non-movant, and resolve all doubts against the moving party. *Id.*

According to Olsen, the trial court erred when it found Defendants did not owe her a duty of care. A plaintiff seeking damages for negligence must establish: (1) a duty owed to the plaintiff by the defendant, (2) a breach of the duty, and

(3) an injury proximately caused by the breach of duty. *Pfenning*, 947 N.E.2d at 398. A landowner's liability to persons on the premises depends on the person's status as a trespasser, licensee, or invitee. *Kopczynski v. Barger*, 887 N.E.2d 928, 931 (Ind. 2008). A landowner owes a trespasser the duty to refrain from willfully or wantonly injuring him or her after discovering his or her presence and owes a licensee the duty to refrain from willfully or wantonly injuring him or her or acting in a manner to increase his or her peril. *Henderson v. Reid Hosp. & Healthcare Servs.*, 17 N.E.3d 311, 315 (Ind. Ct. App. 2014), *trans. denied*. However, a landowner owes an invitee a duty to exercise reasonable care for the invitee's protection while the invitee is on the landowner's premises. *Id.* "'Under Indiana law, an invitee is a person who goes onto the land of another at the express or implied invitation of owner or occupant either to transact business or for the mutual benefit of invitee and owner or occupant.'" *Id.* (quoting *Winfrey v. NLMP, Inc.*, 963 N.E.2d 609, 612 (Ind. Ct. App. 2012)).

[10] Olsen argues that she was an invitee. Defendants contend that Olsen was a licensee but, even if she was an invitee, summary judgment was properly granted. For purposes of this appeal, we will assume that Olsen was an invitee. Olsen first takes issue with the trial court's holding that Defendants owed no duty to her. We agree that the trial court was incorrect. As an invitee, the landowner owed her "a duty to exercise reasonable care for [her] protection while [she] is on the landowner's premises." *Burrell v. Meads*, 569 N.E.2d 637, 639 (Ind. 1991). The trial court focused on whether the danger was open and

obvious. However, that factor is analyzed in determining whether Defendants breached their duty, not whether they owed a duty of care to Olsen. The duty of a landowner to an invitee is well-settled. Despite the trial court's error, we may affirm a trial court's grant of summary judgment upon any theory or basis supported by the designated materials. *Henderson*, 17 N.E.3d at 317. Defendants also argued in their motion for summary judgment that they did not breach their duty to Olsen because the danger was known and obvious. Consequently, we will address whether Defendants were entitled to summary judgment on that issue.

[11] "Although the existence of duty is a matter of law for the court to decide, a breach of duty, which requires a reasonable relationship between the duty imposed and the act alleged to have constituted the breach, is usually a matter left to the trier of fact." *Kroger Co. v. Plonski*, 930 N.E.2d 1, 9 (Ind. 2010). Only where the facts are undisputed and lead to but a single inference or conclusion may the court as a matter of law determine whether a breach of duty has occurred. *Id.* "[T]he comparative knowledge of a possessor of land and an invitee is not a factor in assessing whether a duty exists, but it is properly taken into consideration in determining whether such duty was breached." *Smith v. Baxter*, 796 N.E.2d 242, 243 (Ind. 2003). Our courts have adopted the Restatement (Second) of Torts Section 343 (1965), which provides:

> A possessor of land is subject to liability for physical harm caused
> to his invitees by a condition on the land if, but only if, he

(a)    knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b)    should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c)    fails to exercise reasonable care to protect them against the danger.

*Pfenning*, 947 N.E.2d at 406. Further, Section 343A(1) of the Restatement (Second) of Torts, which is meant to be read in conjunction with Section 343, provides: "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." *Countrymark Coop., Inc. v. Hammes*, 892 N.E.2d 683, 688-89 (Ind. Ct. App. 2008), *trans. denied*.

[12]    Here, the designated evidence shows that the danger from the snow and ice was known and obvious to Olsen. The Porter County Commissioners had declared a state of emergency in the county due to a significant blizzard, and Olsen was aware that a "travel advisory" had been issued. App. pp. 131-32. Olsen knew that it had snowed and that the roads were snowy and icy. Olsen was concerned and did not want to drive because "the weather was awful." *Id.* at 126. Prior to delivering her newspapers, Olsen called Ebert of Moonlight Distribution with her concerns. Ebert told Olsen that she was required to

deliver the newspapers that day despite the snow. Olsen borrowed her son's truck due to the road conditions. When Olsen arrived at the Williamsburg Manor Mobile Home Community between 4:00 a.m. and 4:30 a.m., she saw that one lane of the road was plowed, but she could not see the pavement due to snow or ice or both. She fell when she stopped the truck and got out to deliver a newspaper.

[13] Our supreme court recently addressed a similar issue. In *South Shore Baseball, LLC v. DeJesus*, 11 N.E.3d 903, 910 (Ind. 2014), a baseball game spectator was injured when she was hit by a foul ball. The trial court denied the stadium operator's motion for summary judgment, and our supreme court reversed. The court analyzed the premises liability claim under the Restatement (Second) of Torts Section 343 and found that the stadium operator would have had no reason to believe that the spectator would not realize the danger or that she would not protect herself against it. The stadium operator had notified her of the danger of foul balls by printing a warning on her ticket, posting a sign in the aisle near her seat, and making an announcement over the loudspeaker before the beginning of the game. The court concluded that the spectator could not "establish a genuine issue of fact as to the second element of her premises liability claim, and the trial court should have granted [the stadium operator's] motion for summary judgment on that claim." *South Shore Baseball*, 11 N.E.3d at 910.

[14] Here, Defendants would have had no reason to believe that Olsen would not realize the danger of delivering newspapers during a state of emergency due to a

blizzard. The danger was clearly known or obvious to Olsen, and there is no indication that the Defendants should have anticipated the harm despite such knowledge or obviousness. We conclude that there are no genuine issues of material fact as to whether Defendants breached their duty to Olsen, and they were entitled to judgment as a matter of law.[2] *See, e.g., Watson v. Ziegert*, 616 N.E.2d 785, (Ind. Ct. App. 1993) (holding that the trial court properly granted summary judgment where the age and rust of the tower were easily observable and the invitee was experienced at dismantling towers). The trial court properly granted Defendants' motion for summary judgment.

## Conclusion

The trial court properly granted Defendants' motion for summary judgment. We affirm.

Affirmed.

Robb, J., and Altice, J., concur.

---

[2] Because we conclude that Defendants were entitled to summary judgment regarding breach of their duty to Olsen, we need not address the parties' arguments regarding proximate cause.