BAILES, Judge.
Plaintiff, individually and as administrator of the estate of his minor daughter, seeks to recover medical expenses and damages for personal injuries incurred when a tombstone fell on the daughter’s foot. Zoar Missionary Baptist Church, owner of the cemetery in which the injury was sustained, its public liability insurer, Travelers Insurance Company, and Leo C. Bauer, the owner of the tombstone, were made defendants. Subsequently, the action against Mr. Bauer was voluntarily dismissed, and then H. A. Banta, d/b,/a Roselawn Monument Company, the vendor and erector of the monument, was made a party defendant. The trial court rendered judgment in favor of plaintiff and against H. A. Banta, and the suit against the Church and its insurer was dismissed. Banta appealed the judgment insofar as it cast him, and the plaintiff appealed from the judgment insofar as it dismissed the suit against the Church and its insurer. We find the judgment which held H. A. Banta liable for the injuries must be reversed, but otherwise the judgment is affirmed.
On All Saints Day, 1966, plaintiff, his wife, his young daughter and a party of several other persons went to the cemetery of the Zoar Missionary Baptist Church to place flowers on the grave of a deceased relative. As the party stood around the grave and Mrs. Melancon arranged the flowers, young Meryl Ann Melancon, then 21/*> years old, moved to a position in front of the monument on the adjacent grave and apparently placed her hand on the headstone. This headstone consisted of a marble slab (16" X 16" X 4") weighing approximately 90 pounds set on a marble base (22" X 6" X 8"). Mrs. Melancon noticed Meryl Ann in this posture, told her to move and, at that very moment, the headstone fell toward the child and came to rest on her right foot and the lower part of her right leg. The second and third metatarsals of the foot were fractured.
In rendering judgment for the injuries sustained and for medical expenses against H. A. Banta, d/b/a Roselawn Monument Company, the trial court reasoned:
“ * * * the vendor’s legal responsibility to third persons — in this case the Melan-cons — appears to be clear. LSA-CC 2316. Since the tombstone was purchased for posterity, it would appear reasonable it should have been secure and maintenance-free for at last several decades. In this case eight years had elapsed which it appears is a relatively short span and certainly not contemplated by either the vendor or the purchaser. In the opinion of the Court, the tombstone was not properly erected in such a fashion as should be required and the monument company should be responsible and liable for its defective condition.”
We note in passing that no written answer to plaintiff’s demand was filed by defendant Banta. LSA-C.C.P. Art. 852. On the day of the trial, after plaintiff had taken a default and over plaintiff’s objection, Banta was allowed to enter a general denial orally. We will not rule on the propriety of this procedure but accept the Banta appeal as one from a default judgment. LSA-C.C.P. Art. 2083.
After careful study of the record we are unable to find proof of any negligence, imprudence or want of skill on the part of the defendant Banta. Approximately eight years prior to this accident *310 he contracted with Leo Bauer to erect a headstone. On the day of the accident the headstone undoubtedly became detached from its base On the basis of the record before us, only by speculation or conjecture could we give a reason for this occurrence. The only testimony on which we could base a finding of fault in the construction of this headstone is an inference by plaintiff that the cement used to attach the headstone to its foundation was defective in some manner or improperly applied. This possibility was not pursued by plaintiff and no proof was offered to substantiate this position. Absent proof by a preponderance of the evidence of some fault on the part of Banta in the erection of this headstone there can be no liability. Warranties, assuming their existence, that the headstone would be “ * * * secure and maintenance-free for at least several decades * * * ” are not relevant to the question now being considered. The trial court was manifestly in error in concluding that a showing of fault on the part of Banta had been made.
In dismissing plaintiff’s demands against the Zoar Missionary Baptist Church and its insurer, the trial court concluded that the Melancons were licensees while visiting the cemetery and that the danger presented by the headstone was not known to the Church, thereby absolving it and its insurer of liability.
The liability of the Church, as owner of this cemetery, must be based on the breach of a duty owed to plaintiff. This duty is defined in relation to the status enjoyed by plaintiff while on the Church property.
The evidence discloses that the Church had allowed a portion of its grounds to be used, without charge, as a cemetery for approximately 100 years. The only limitation the Church placed on the use of this property was a recently promulgated regulation, apparently loosely enforced, limiting to several classes of persons those who could thereafter use the cemetery for burial. The only other control the Church exercised over the cemetery was that inherent in the performance of a ground keeping function limited to mowing the grass and filling holes which developed. Monuments at graves were erected by the families of the deceased. The Church prescribed no rules for the erection and care of these monuments a,nd never undertook any maintenance function with relation to them. The cemetery was completely open to the public.
Under these facts we find that plaintiff was a licensee when visiting this cemetery. Plaintiff’s presence on the premises was based on mere permissiveness or sufferance of the Church and not by reason of express invitation, contractual relationship or mutual economic interest. Plaintiff entered the cemetery for purposes personal only to himself. As such, the duty of the Church to plaintiff was to refrain from willfully or wantonly inflicting injury and to warn of latent dangers actually within its knowledge. See: Payton v. St. John, La.App., 188 So.2d 647; Potter v. Board of Com’rs of Port of New Orleans, La.App., 148 So.2d 439.
The record fails to establish that any defect in the headstone was actually known to the Church. In entering the cemetery as a licensee plaintiff took the premises as he found them and absent convincing proof of knowledge of a latent defect in the instrumentality of injury on the part of the Church there can be no liability.
The testimony of Mr. Bauer, owner of the headstone, is uncontradicted that three days prior to the accident he had visited the cemetery to trim the grass around the base of the headstone. To balance himself while performing this task with a pocket knife he put his hand on the headstone. He testified that the stone supported his weight and gave no indication of instability. It would appear that the Church not only did not have notice of a defect in the headstone but that it could not have had such notice. Therefore, there being no question of wanton or willful injury the Church can not be held to have breached *311 its duty to plaintiff to warn of latent defects within its actual knowledge.
For these reasons the judgment of the trial court in favor of plaintiff and against the defendant, H. A. Banta, d/b/a Rose-lawn Monument Company, is reversed and set aside and judgment is entered dismissing plaintiff’s demands against this defendant. In all other respects the judgment is affirmed.
Affirmed in part; reversed in part and rendered.