John R. SOWERS and Phyllis Sowers, Appellants (Plaintiffs Below),

v.

TRI–COUNTY TELEPHONE CO., INC., Appellee (Defendant Below).

No. 12S02–8911–CV–877.

Supreme Court of Indiana.

Nov. 29, 1989.

As Amended Dec. 22, 1989.

James P. Buchanan, Buchanan & Buchanan, Lebanon, Robison, Robison, Bergum & Johnson (of counsel), Frankfort, for appellants (plaintiffs below).

Richard R. McDowell, Keith A. Kinney, Hill, Fulwider, McDowell, Funk & Matthews, Indianapolis, for appellee (defendant below).

Lee B. McTurnan, McTurnan & Turner, Indianapolis, for amicus curiae Indiana Legal Foundation.

ON PETITION TO TRANSFER

SHEPARD, Chief Justice.

The question presented is whether a telephone utility has a duty to render safe the area of land necessary to service its poles so as to protect business invitees who work on the poles. We hold that the utility has a duty of reasonable care to such invitees but that the plaintiff's evidence in this case pointing toward a breach of that duty was insufficient to withstand the utility's motion for summary judgment. The trial court was thus justified in finding for the utility.

In June 1984, Tri–County Telephone Company hired the Covered Bridge Tree Service to trim trees located near its telephone lines and clear right of way in order to ease the work of crews mounting cable television lines on the same poles. On June 26, two Covered Bridge employees, John Sowers and John Powell, were trimming trees around Tri–County's telephone line. Sowers moved to assist Powell and fell into an abandoned manhole, which was approximately five feet deep and two feet wide. Sowers suffered injuries as a result of his fall.

Halden and Rita Bodkin owned the property where the manhole was located. The hole was situated near their north property line at the upper edge of a five- or six-foot embankment. The hole was there when the Bodkins purchased the property in 1954, and they used it as a disposal for debris.

Tri–County's telephone line was on the Bodkins' north property line. A telephone pole stood just four feet from the manhole. Tri–County did not have a recorded easement for the lines and poles. It was undisputed, however, that Tri–County had a prescriptive easement because the telephone line was installed in the 1950's. While the evidence suggests that the hole might have existed before the pole was erected, current employees of Tri–County did not know of the hole's existence.

Sowers filed suit against Tri–County and the Bodkins alleging negligence. In the count against Tri–County, Sowers claimed that his injuries were the proximate result of Tri–County's negligent failure to use ordinary care to maintain its easement in a reasonably safe condition for the use of those who come upon it as invitees. Both defendants filed motions for summary judgment. The trial court denied the Bodkin's motion but granted Tri–County's. The Court of Appeals reversed the trial court's grant of summary judgment in favor of Tri–County, saying:

We hold that the duty which Tri–County owed to John Sowers was to render safe the area of land reasonably necessary to accomplish the task of removing tree limbs.... If the manhole was on [the property where Covered Bridge's employees should have been expected to walk], then Tri–County breached its duty to business invitees by not inspecting that area and warning of the uncovered manhole.

*Sowers v. Tri–County Telephone Co.* (1987), Ind.App., 512 N.E.2d 208, 210–11 (footnotes omitted). We grant transfer because we disagree with the Court of Appeals about the nature of the duty that Tri–County owed to Sowers.

■■■ A landowner or occupier is under a duty to exercise reasonable care for the protection of invitees on the business premises. This duty arises as a matter of law. *Hammond v. Allegretti* (1974), 262 Ind. 82, 311 N.E.2d 821. The employees of independent contractors are business invitees. *Wingett v. Teledyne Industries, Inc.* (1985), Ind., 479 N.E.2d 51.

Tri–County argues that although Sowers was its business invitee, it owed him no duty because it did not control the land where the manhole was located. Tri–County did not own or occupy the land where the manhole was located under the traditional legal meaning of the words "own" or "occupy." Instead, Tri–County was the dominant easement holder and had the right to enter the servient estate (the Bodkins' property) to maintain its easement for lines and poles. Sowers was working to maintain that easement when he was injured.

■■ Amicus curiae support Tri–County's argument that it did not owe a duty to Sowers by arguing that Tri–County was not "in possession" of the land in which the hole existed. They assert that possession requires actual physical occupation, not merely the right to occupy, citing Restatement (Second) of Torts § 328E (1965).[1]

We conclude that Tri–County met this definition. After all, Tri–County's poles and lines physically occupied a part of the property, and its right of entry arose from an easement necessary for maintenance of those poles and lines.

Because Tri–County is not a traditional landowner or occupier, however, it is necessary to ask what legal duty should flow from the company to its business invitees. That question involves consideration of more than just foreseeability of possible harm; it involves consideration of legal and social policies which include the foreseeability and likelihood of the injury, the magnitude of the burden of guarding against the injury and the consequences of placing that burden on the defendant. *Swett v. Village of Algonquin*, 169 Ill.App.3d. 78, 119 Ill. Dec. 838, 523 N.E.2d 594 (1988).

The likelihood of a business invitee entering the area around one of Tri–County's easements and injuring himself in an accident similar to Sowers' seems small indeed. While special construction projects might predictably generate use of the easement, it is more likely that the easement would go unused for years at a time, broken only by the occasional necessity to effect repairs. By contrast, we would place a great burden on a telephone utility by requiring it to conduct regular inspections of all its easements for the sole purpose of discovering possible hazards.[2]

1. A possessor of land is
 (a) a person who is in occupation of the land with intent to control it or
 (b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or
 (c) a person who is entitled to immediate occuption of the land, if no other person is in possession under Clauses (a) and (b).
 Comment:
 a. "Possession" has been given various meanings in the law, and the term frequently is used to denote the legal relations resulting from facts, rather than in the sense of describing the facts themselves. It is used here strictly in the factual sense, because it has been so used in almost all tort cases.
 Restatement (Second) Torts § 328E comment a (1965).

2. It appears that a part of the reason Tri–County engaged Covered Bridge Tree Service was to clear brush from beneath its lines so that cable installers could more easily undertake their work. To the extent that it was, hiring Sowers

 We conclude that the duty of inspection and warning that the Court of Appeals imposed upon Tri–County cannot be justified. The boundaries of the duty of reasonable care that a utility such as Tri–County owes to its business invitees must be defined from the utility's own use of the easement. Tri–County exercised no dominion at all over the Bodkins' land most of the time except for the existence of its poles. Other than occasional entries to effect repairs, its only occupation arose through sending people like Sowers to trim vegetation. To the extent that Tri–County learned of dangerous conditions near its poles through these visits, of course, it had a duty to warn future invitees. *Louisville Cement Co. v. Mumaw* (1983), Ind.App., 448 N.E.2d 1219.

A court on appeal reviews a request for summary judgment under the same standard used by a trial court. Summary judgment is appropriate if there are not any material facts in dispute and the moving party is entitled to judgment as a matter of law. *Lawson v. Howmet Aluminum Corp.* (1983), Ind.App., 449 N.E.2d 1172. Viewing the facts most favorably to Sowers, we conclude that Tri–County has not breached its duty of reasonable care to him.

Accordingly, we vacate the opinion of the Court of Appeals and affirm the trial court's grant of summary judgment in favor of Tri–County.

PIVARNIK and DICKSON, JJ., concur.

DeBRULER and GIVAN, JJ., dissent.