Genesan BALA and Raji Bala, Appellants–Plaintiffs,

v.

The CITY OF INDIANAPOLIS, Indiana, Indiana Bell Telephone Company, Inc., and Neitzel Trenching, Appellees–Defendants.

No. 49A02–9607–CV–471.

Court of Appeals of Indiana.

July 14, 1997.

Kevin E. DeVille, The Law Office of Stanley Kahn, Indianapolis, for Appellants–Plaintiffs.

David W. Hamilton, Thomas G. Robbin, Rowe & Hamilton, Indianapolis, for Appellee–Defendant Indiana Bell Telephone Company, Inc.

## OPINION

FRIEDLANDER, Judge.

Genesan and Raji Bala appeal from a grant of summary judgment in favor of Indiana Bell Telephone Company, Inc. (Bell Telephone) in the Balas' negligence action against the City of Indianapolis, Bell Telephone, and Neitzel Trenching, Inc. The Balas contend upon appeal that the court erred in granting summary judgment in favor of Bell Telephone.

We reverse.

The facts favorable to the Balas, the non-moving party, are as follows. In November and December of 1986, Neitzel performed trenching work for Bell Telephone along Oaklandon Road in Indianapolis, Indiana. Neitzel dug trenches, laid telephone cable and conduit, and backfilled the trenches. After dark on June 9, 1991, Genesan Bala was walking his dog near the intersection of Oaklandon Road and Windhaven Boulevard when he fell into a large hole and was injured. When Bala returned to inspect the scene a day or two later, he saw inside the hole a white telephone cable line and a green sewer line. The sewer line appeared to have been severed.

The Balas filed a negligence action against Bell Telephone, among others, alleging that Bell Telephone was liable because: (1) it held easement rights to the property in question, and (2) the hole developed in part because of Neitzel's negligent act of cutting the sewer pipe. Bell Telephone moved for summary judgment on grounds that it owed no duty to the Balas. The trial court granted Bell Telephone's motion and the Balas appeal.

When reviewing a grant of summary judgment, we use the same standard that was applicable to the trial court. We construe all facts and inferences in a light most favorable to the nonmovant and determine whether there exist genuine issues of material fact and whether the movant is entitled to judgment as a matter of law. *Duffy v. Ben Dee, Inc.*, 651 N.E.2d 320 (Ind.Ct.App.1995), *trans. denied.*

In order to prevail in a negligence action, the plaintiff must establish, *inter alia*, that the defendant owed a duty to the plaintiff. *Greathouse v. Armstrong*, 616 N.E.2d 364 (Ind.1993). The existence of duty is a question of law for the court to decide. *Mullin v. Mun. City of South Bend*, 639 N.E.2d 278 (Ind.1994).

The trial court granted summary judgment in favor of Bell Telephone, presumably upon its determination that Bell Telephone owed no duty to Bala. Bell Telephone relied heavily upon *Sowers v. Tri–County Tel. Co., Inc.*, 546 N.E.2d 836 (Ind.1989) in its summary judgment motion and does so again upon appeal. The summary judgment order does not reflect the court's reasoning, but it would appear that the ruling was based upon *Sowers.* We agree that *Sowers* is instructive in the instant case, but conclude that applica-

tion of its principles precludes summary judgment.

In *Sowers*, a tree-trimmer hired by the telephone company was injured when he fell into an abandoned manhole while working on property for which an easement had been granted to the telephone company. The tree-trimmer filed a negligence action against the telephone company, claiming that his injuries were proximately caused by the telephone company's failure to maintain its easement in a reasonably safe condition.

Our supreme court first determined that the company was "in possession" of the land upon which it held an easement for purposes of the duty analysis. However, because the telephone company was not a traditional landowner, the court considered the nature of the legal duty that should flow from the company to its business invitees, in view of its easement-holder status:

> That question involves consideration of more than just foreseeability of possible harm; it involves consideration of legal and social policies which include the foreseeability and likelihood of the injury, the magnitude of the burden of guarding against the injury and the consequences of placing that burden on the defendant.

*Sowers*, 546 N.E.2d at 838.

It is clear that the plaintiff in *Sowers* sought to impose liability based only upon the telephone company's status as a holder of easement rights. The court reversed summary judgment for the utility, based not upon the principle that a utility has no duty to the public with regard to property for which it holds easement rights, but rather upon its conclusion that the utility in that case was not responsible for creating the hole and had no reason to know of its existence. Therefore, *Sowers* did not announce a rule that utility companies holding easement rights are immune from liability for negligence relating to such property.

■ The duty analysis in such cases is not merely a function of a utility's status as easement holder. Rather, it focuses upon the utility's use of the land. The following excerpt from *Sowers* reflects that the duty inquiry in such cases is fact-sensitive:

> We conclude that the duty of inspection and warning that the Court of Appeals imposed upon Tri–County cannot be justified. The boundaries of the duty of reasonable care that a utility such as Tri–County owes to its business invitees must be defined from the utility's own use of the easement. Tri–County exercised no dominion at all over the Bodkin's land most of the time except for the existence of its poles. Other than occasional entries to effect repairs, its only occupation arose through sending people like Sowers to trim vegetation. To the extent that Tri–County learned of dangerous conditions near its poles through these visits, of course, it had a duty to warn future invitees.

*Id.* at 839.

The court in *Sowers* concluded in that case that it was not consistent with sound legal and social policy to impose a duty upon the telephone company to inspect all property for which it held easement rights. The holding must be considered in the context of the dangerous condition forming the basis of the plaintiff's complaint in that case. There was no allegation that the telephone company was responsible for creating the hazard, nor did the telephone company have reason to enter onto the land and, therefore, discover the condition. Such is not true in the instant case.

■ Unlike the plaintiff in *Sowers*, the Balas' allegations of negligence against Bell Telephone centered upon Bell Telephone's affirmative conduct. They alleged that the hole was created as a result of trenching work done by Neitzel on behalf of Bell Telephone. They further alleged that Neitzel cut a sewer pipe while laying telephone cable, and that the hole developed over time at least partially as a result of underground leakage caused by the rupture. Therefore, the allegation of negligence was premised upon more than merely Bell Telephone's easement-holder status relative to the land upon which the hole developed. Negligence was premised upon an allegation of affirmative negligence, *i.e.*, Bell Telephone's failure to inspect Neitzel's work and discover the cut sewer pipe.

Taken as true, the Balas' allegations create questions of fact as to whether Bell Telephone would have discovered the severed sewer line and arguably prevented the hole from developing had it inspected Neitzel's work. As our supreme court recently stated, "liability for injury ordinarily depends upon the power to prevent injury." *Tibbs v. Huber, Hunt & Nichols, Inc.*, 668 N.E.2d 248 (Ind.1996). While *Sowers* correctly determined that a utility is not under a general duty to inspect all property subject to its easement rights, it is not inconsistent with sound social and legal policy to recognize a duty upon Bell Telephone's part to inspect work performed on its behalf. It is the allegation of breach of this duty that forms the basis of the Balas' complaint for damages.

Inasmuch as *Sowers* makes it clear that Bell Telephone was not immune from liability merely by virtue of its status as easement holder, and after reviewing the designated materials and the specific allegation of negligence against Bell Telephone, we cannot conclude as a matter of law that Bell Telephone owed to the Balas no duty of care.

Judgment reversed.

KIRSCH and BARTEAU, JJ., concur.