KAMPHAUS v. TOWN OF GRANITE
2022 OK 46
Case Number: 118984
Decided: 05/17/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 46, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

TORI KAMPHAUS, Individually and as Mother and Next Friend of D.W., a minor, Plaintiff/Appellant,
v.
TOWN OF GRANITE, Defendant/Appellee,

ON CERTIORARI FROM THE COURT OF CIVIL APPEALS, DIVISION IV

¶0 The mother of a child injured while visiting a cemetery when a headstone fell sued the Town of Granite, the operator of the cemetery, for negligence. The district court granted Town's motion for summary judgment, holding that Town did not owe a duty to the child. The mother appealed. The Oklahoma Court of Civil Appeals reversed the district court's judgment, holding Town owed a duty to the child regarding dangerous defects. This Court granted certiorari. We hold Town did not own or control the headstone and therefore owed no duty to the child regarding the maintenance of the headstone.

COURT OF CIVIL APPEALS' OPINION VACATED;
DISTRICT COURT'S JUDGMENT AFFIRMED.

Kelly A. George and James A. Scimeca, Burch George Germany, Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Timothy Prentice, Roberson, Kolker, Cooper & Goeres, Edmond, Oklahoma, for Defendant/Appellee.

Winchester, J.

¶1 Appellant Tori Kamphaus (Mother), individually and as mother and next friend of D.W. (Son), a minor, appeals a summary judgment in favor of Appellee Town of Granite (Town). Son was injured while visiting a cemetery operated by Town when a headstone fell on him. The issue before this Court is whether Town owed Son a duty to maintain or inspect the headstone at issue. We answer this question in the negative. Town did not own or control the headstone that caused Son's injuries and therefore did not owe any duty to Son regarding the maintenance or inspection of the headstone.

FACTS AND PROCEDURAL HISTORY

¶2 Town operates the Granite Town Cemetery as a benefit to the community. Town sells cemetery plots to individuals who are responsible for the burial of their decedents. Those individuals also purchase and are responsible for the placement of the monuments and headstones on the cemetery plots.

¶3 Mother and Son attended a funeral at the Granite Town Cemetery. During their visit, Son played near the graves of Amanda Bryan and James Bryan. Ms. Bryan was interred in 1918, and Mr. Bryan was interred in 1927. Son came in contact with the Bryans' headstone, and the headstone fell over, injuring Son.

¶4 Mother brought this action on behalf of herself and Son against Town for negligence in maintaining the cemetery. Town filed a motion for summary judgment. The district court granted Town's motion, holding that Town had no duty to inspect or maintain the headstone because Town did not own the headstone. It also held that Town had no notice that the headstone at issue was unsafe or posed a danger. The district court further reasoned that even if Town owed Mother and Son a duty of care, Town was immune from liability pursuant to the Oklahoma Governmental Tort Claims Act (GTCA), 51 O.S.2021, ch. 5, §§ 151-172, https://govt.westlaw.com/okjc. Mother appealed.

¶5 The Court of Civil Appeals (COCA) reversed the district court's judgment. COCA held that Town retained some aspect of ownership of the plot even after its transfer to the Bryans. COCA determined that the Legislature did not abrogate Town's tort liability when it authorized Town to enact ordinances regulating the operation of the cemetery and Town could not delegate the duty imposed on it regarding dangerous defects in the cemetery. This Court granted certiorari.

¶6 We hold Town owed no duty to Son with regard to the headstone placed on the Bryans' cemetery plot. Town did not own the headstone belonging to the Bryans and therefore had no duty to maintain or inspect it. To hold otherwise would impose a duty on Town (and other publicly owned cemeteries) to maintain every headstone installed in a cemetery into perpetuity. We affirm the district court's judgment.

STANDARD OF REVIEW

¶7 Summary judgment resolves issues of law, and we review a district court's grant of summary judgment de novo. U.S. Bank, N.A. ex rel. Credit Suisse First Boston Heat 2005--4 v. Alexander, 2012 OK 43280 P.3d 936de novo standard, we subject the record to a new and independent examination without regard to the trial court's reasoning or result. Gladstone v. Bartlesville Indep. Sch. Dist. No. 30, 2003 OK 3066 P.3d 442U.S. Bank, 2012 OK 43Id.

DISCUSSION

¶8 To succeed on her negligence claim against Town, Mother must prove that (1) Town owed Son a duty to maintain or inspect the headstone at issue, (2) Town breached that duty, and (3) the breach caused Son's injuries. The threshold question in any negligence case is the existence of a duty, which is a question of law. Miller v. David Grace, Inc., 2009 OK 49212 P.3d 1223

I. Town had no duty to maintain the headstone. 

¶9 Our prior opinions establish that a landowner's duty is to exercise reasonable care to keep a premises in a reasonably safe condition and to warn of conditions that are hidden dangers, traps, snares, or pitfalls. Martin v. Aramark Servs., Inc., 2004 OK 3892 P.3d 96See 14 Am. Jur. 2d Cemeteries § 31 (2022).

¶10 The general rule is that an interest in a cemetery plot is somewhat unique in that a purchaser does not acquire a fee simple interest in the plot. Id. Therefore, no formal deed is necessary to confer the exclusive right to use a cemetery plot and be free from invasion by those who would disturb possession. Question Submitted by: The Honorable Rex Duncan, State Representative, Dist. 35, 2008 OK AG 34Id. ¶ 2. The interest in the plot vests in the original purchaser's heirs at law. Id. ¶ 9; see also 14 Am. Jur. 2d Cemeteries § 31 (2022). If the cemetery plot is abandoned, only then does it revert to the municipality. 11 O.S.2021, ch. 1, art. XXVI, § 26-103, https://govt.westlaw.com/okjc (in ch. 1, follow hyperlink titled, "Municipal Departments and Services"); see also Heiligman v. Chambers, 1959 OK 58338 P.2d 144

¶11 The headstone or monument is normally the property of the purchaser of the cemetery plot. See, e.g., Brock v. Richmond-Berea Cemetery Dist., 957 P.2d 505, 510 (Kan. 1998) (noting that the gravestone was not the property of the cemetery). The estate, the families of the deceased, or other parties purchase and place the headstones or other memorial markers on the easement. The headstones or monuments also remain the property of the purchasers or their heirs unless the easements on which the headstones are placed revert back to the cemetery upon abandonment of the plots. See Heiligman, 1959 OK 58

¶12 At common law, the obligation to maintain an easement (or a structure built on an easement) was placed on the easement holder, absent an agreement to the contrary. Restatement (First) of Property § 485 (1944).Id. The majority of jurisdictions have upheld that the duty to maintain an easement belongs to the easement holder.See supra note 2.

¶13 The duty of an easement holder to maintain a structure built on an easement parallels the duty of the purchaser of a cemetery plot to maintain a headstone placed on the plot. The Kentucky Supreme Court explained this concept in City of Versailles v. Johnson, 636 S.W.3d 480, 484 (Ky. 2021) (noting a cemetery plot conferred different duties depending on whether the monument was implicated). The Johnson court affirmed summary judgment for the city, holding the city-owned cemetery did not owe a duty to a plaintiff injured by a fallen headstone that the cemetery did not own. Id. The court explained that the plaintiff was not harmed by anything under the cemetery's control, like a pathway in disrepair or a fallen tree or other debris. Id. Instead, she was injured by a headstone owned by the purchaser of the cemetery plot. The Kentucky Supreme Court concluded that the city did not owe the plaintiff a duty. Id. We agree with the Johnson court's analysis.

¶14 Town only provided routine maintenance to the common areas of the cemetery (such as roadways, fences, and shrubbery) and mowing services. Although Town operated the cemetery and provided such services, Town had no property interest in the headstone placed on an easement belonging to the Bryans. Consequently, Town owed no duty in maintaining the headstone. See, e.g., Brock, 957 P.2d at 510 (noting that the gravestone was not the property of the cemetery although the cemetery accepted some duties concerning the maintenance and inspection of the gravestone); Melancon v. Zoar Missionary Baptist Church, 222 So.2d 308, 310 (La. 1969) (finding the owner was not responsible for maintaining the headstone that injured a child, although the owner performed groundskeeping duties on the premises).

¶15 Town was not statutorily required to maintain the headstone. The Oklahoma Legislature required Town to provide the "grading, fencing, ornamenting, and improving" of the cemetery grounds acquired by Town and the avenues leading to the cemetery. 11 O.S.2021, ch. 1, art. XXVI, § 26-102, https://govt.westlaw.com/okjc. The Legislature gave the discretion to Town to construct walks and to plant and protect ornamental trees and shrubs. Id. The Legislature also gave Town authority to enact its own ordinances to regulate, protect, and govern the cemetery and the owners of the cemetery plots, including enacting ordinances for the establishment of monuments and headstones. 11 O.S.2021, ch. 1, art. XXVI, § 26-105, https://govt.westlaw.com/okjc. Town enacted an ordinance regarding the maintenance of headstones. Specifically, Ordinance § 91.2 states:

It shall be the duty of the proprietor or owners of the lots to keep in repair permanent markers, stones, and memorials in the boundaries of their lots.

Granite, Okla., Cemeteries Ordinances § 91.2. Town's responsibilities included groundskeeping and ensuring that visitors could safely travel through the common areas of the cemetery. However, Town had no property interest in the headstone placed on the easement belonging to the purchaser of the plot and no duty to maintain it. Town's duties were limited to those common areas that it was responsible to maintain.

¶16 Son was injured while playing on or around the headstone that was not owned or placed by Town, and Town did not owe a duty to Son to maintain the headstone at issue. Furthermore, to impose a continuous duty on Town to maintain every single headstone in the cemetery is a tremendous burden, especially when the headstones or monuments are not Town's property. We refuse to impose such a duty on Town.

II. Town had no duty to inspect the headstone. 

¶17 Town argues that it is statutorily exempt under the GTCA from liability pursuant to 51 O.S.2021, ch. 5, § 15551 O.S.2021, ch. 5, § 15351 O.S.2021, ch. 5, § 152.1

¶18 The exemption relied upon by Town in this matter is that a state entity is not liable for any loss that occurs when using its inspection powers. 51 O.S.2021, ch. 5, § 155Moran v. City of Del City, Town appears to argue that inspecting the headstone to determine if it needed repair constitutes an inspection function covered by § 155(13). 2003 OK 5777 P.3d 588Moran, we interpreted § 155(13) to describe the exercise of a particular governmental "power" or "function" and not a simple familiarization with one's property. Id. Because no governmental inspection power or function is at issue in this case, we conclude that § 155(13) is not applicable.

¶19 This, however, does not end our analysis. Town is seeking protection from its alleged failure to acquire knowledge of whether the headstone needed repairs. We have said that performing maintenance is different from inspecting, as an inspection is tied to a person's duty to discover facts. Moran, 2003 OK 57McCathern v. City of Okla. City, 2004 OK 6195 P.3d 1090McCathern case involved an injury that occurred when the plaintiff tripped on a raised sprinkler head placed by the defendant city at the edge of a sidewalk. Id. ¶ 2, 95 P.3d at 1092. We found that there was a duty to remedy the raised sprinkler head when the condition existed for a sufficient length of time that the defect ought to have been discovered. Id. ¶ 13, 95 P.3d at 1096. The McCathern case is distinguishable from this matter. The alleged defect--the headstone--was not placed by Town near a walkway belonging to Town. Rather, the headstone was placed on the easement belonging to the purchaser of the cemetery plot. This matter is also not as in Moran wherein we noted that the defendant could be held responsible for an injury that occurred for not acquiring knowledge of the condition of its uncovered sewer manhole; the headstone at issue did not belong to Town. 2003 OK 57McCathern and Moran, the record before us fails to establish that any defect in the headstone was known by Town or would have been discovered by Town upon inspection.

¶20 Whether Town was exempt from liability under § 155(13) of the GTCA is not determinative of whether Town had a duty to inspect the headstone. Instead, Town had no duty to inspect the headstone because it was not owned, placed, or controlled by Town.

CONCLUSION

¶21 Town did not assume to care for or maintain the headstone that fell on Son. Imposing upon Town the duty of ensuring the stability and safety of every headstone in a cemetery, in effect, compels Town to maintain a structure it never owned or controlled. See, e.g., Nesterovich v. Mt. Olivet Cemetery, 208 N.Y.S. 609, 613 (N.Y. App. Div. 1925). Because Town did not own the headstone, we hold Town did not have a duty to maintain it. Accordingly, we vacate COCA's opinion and affirm the district court's judgment.

COURT OF CIVIL APPEALS' OPINION VACATED;
DISTRICT COURT'S JUDGMENT AFFIRMED.

ALL JUSTICES CONCUR. 

FOOTNOTES

See Fowler v. Lincoln Cty. Conservation Dist., 2000 OK 9615 P.3d 502see also Smith v. Muellner, 932 A.2d 382, 393 (Conn. 2007) (holding the servient owner had no duty to keep a right-of-way clear by removing trees and natural vegetation); Flower v. Valentine, 482 N.E.2d 682, 687 (Ill. App. Ct. 1985) (noting that "the servient tenement has no duty to either put or keep the easement in repair"); Baker v. Hines, 406 S.W.3d 21, 28 (Ky. Ct. App. 2013) (noting that the owner of a servient estate was ordinarily under no obligation to repair or maintain an easement); Annin v. Lake Montowese Dev. Co., Inc., 759 S.W.2d 240, 241-42 (Mo. Ct. App. 1988) (noting that the owner of a lake, the servient estate, had no obligation to repair a dam); Encompass Ins. Co. of Am. v. Long Island Power Auth., 10 N.Y.S.3d 110, 111 (N.Y. App. Div. 2015) (holding that the servient owner had no duty to trim the bamboo vegetation around the power line); Hayes v. Tompkins, 337 S.E.2d 888, 891 (S.C. Ct. App. 1985) (declaring that the owners of the servient tenement were under no duty to repair an easement in the absence of an agreement); Hixson v. Am. Towers, LLC, 593 S.W.3d 699, 713-14 (Tenn. Ct. App. 2019) (holding that the servient owners have no duty to maintain the surrounding hillside for the benefit of the cell tower).

See, e.g., Sutera v. Go Jokir, Inc., 86 F.3d 298, 303-08 (2d Cir. 1996) (discussing the tort liability of an easement holder and finding the easement holder liable for an injury suffered by a third party); Greiner v. Columbia Gas Transmission Corp., 41 F. SupP.2d 625 (S.D. W. Va. 1999) (discussing the liability of an easement holder for injuries caused by the lack of maintenance); Clark v. New Magma Irrigation & Drainage Dist., 92 P.3d 876, 879-81 (Az. Ct. App. 2004) (examining the tort liability of an easement holder and concluding that the easement holder had no duty to warn about the conditions on the servient estate unrelated to its use of property); McDermott v. Metro. Sanitary Dist., 607 N.E.2d 1271, 1285-86 (Ill. App. Ct. 1992) (imposing tort liability for personal injury upon the holder of a drainage ditch easement); Bala v. City of Indianapolis, 682 N.E.2d 573, 575-76 (Ind. Ct. App. 1997) (imposing tort liability on a utility easement holder); Wagner v. Doehring, 553 A.2d 684, 687-89 (Md. 1989) (discussing the duty of easement holders to a third party and concluding that the holder could be held liable for an injury to a trespasser only for willful conduct); Morrow v. Boldt, 512 N.W.2d 83, 86 (Mich. Ct. App. 1994) (finding that "it is the owner of an easement, rather than the owner of the servient estate, who has the duty to maintain the easement in a safe condition so as to prevent injuries to third parties"); Kibbons v. Union Elec. Co., 823 S.W.2d 485, 488 (Mo. 1992) (holding the servient owner had no liability for any injury resulting from devices placed on an easement that were under the sole control of the holder of a utility easement); Washington v. Qwest Commc'ns Corp., 704 N.W.2d 542, 547-48 (Neb. 2005) (finding that the holder of a utility easement controlled the premises and remanding the case to determine whether the easement holder was liable for injuries caused by negligence); Morgan v. Chong Kwan Jun, 817 N.Y.S.2d 325, 327 (N.Y. App. Div. 2006) (discussing the tort liability of an easement holder for an injury in a parking lot); Green v. Duke Power Co., 290 S.E.2d 593, 598 (N.C. 1982) (holding that when the character of the easement is such that failure to keep it in repair may result in injury to third persons, the owner of the easement may be liable for such injury); Slogowski v. Lyness, 927 P.2d 587, 590-91 (Or. 1996) (holding that a complaint alleging that a utility easement holder had a duty to remove hazardous trees along a right-of-way stated cause of action in a personal injury case); Musch v. H-D Elec. Coop., Inc., 460 N.W.2d 149, 152-54 (S.D. 1990) (discussing the liability of a utility easement holder for personal injury on a right-of-way and holding that the easement holder must exercise reasonable care to protect travelers).

The state or a political subdivision shall not be liable if a loss or claim results from:
. . .
13. Inspection powers or functions, including failure to make an inspection, review or approval, or making an inadequate or negligent inspection, review or approval of any property, real or personal, to determine whether the property complies with or violates any law or contains a hazard to health or safety, or fails to conform to a recognized standard.